UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

LESCBERTONG GONZALEZ,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Florida Corporation and JOHN
DOES I-L,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, LESCBERTONG GONZALEZ (hereinafter "Plaintiff"), by and through his undersigned counsel, and files suit against Defendants, CARNIVAL CORPORATION, a Florida Corporation ("Carnival") and JOHN DOES I-L, alleging upon information and belief as follows:

## GENERAL ALLEGATIONS

1. Federal subject matter jurisdiction arises under and is by virtue of Admiralty or Maritime jurisdiction and/or Diversity of Citizenship pursuant to 28 U.S.C. §1332 and § 1333, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and/or arises under Admiralty or Maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is being filed in

1

Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

2. At all times material hereto, Plaintiff was and is a citizen of Miami-Dade County, Florida.

3. At all times material hereto, all conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

4. At all times material hereto, Defendants JOHN DOES I-L are fictitious names of persons responsible for the Plaintiff's damages whose proper names will be added to this complaint upon learning of their identity.

5. At all times material hereto, CARNIVAL was and is a for-profit, domestic corporation, which is based in and/or with agents in Miami, Florida, with foreign and subsidiary corporations wholly or partially owned by Defendant CARNIVAL, and is authorized to conduct and is conducting business in the State of Florida. CARNIVAL has consented to jurisdiction and venue in this Court. CARNIVAL requires in the contract of carriage that all cases filed by passengers for personal injuries are to be filed in the United States District Court for the Southern District of Florida in Miami.

6. At all times material hereto, Defendant CARNIVAL acts through its agents, servants, and employees in the planning, promoting, operating, and/or controlling tourism activities in Florida, aboard its vessels at sea and locations at foreign ports of call for its customers and passengers that generate substantial revenue to the company in Miami-Dade County and elsewhere.

7. At all times material hereto, CARNIVAL owned, operated, managed and/or controlled the vessel, M/S CARNIVAL GLORY.

8. At all times material hereto, CARNIVAL transported fare-paying passengers on cruises aboard the vessel M/S CARNIVAL GLORY.

9. On or about March, 2017, Plaintiff's friend purchased cruise tickets for two aboard the M/S CARNIVAL GLORY with a departure date of June 17, 2017 at Port of Miami- Dade County, Florida.

10. At that time and place, Plaintiff and his friend boarded the vessel M/S CARNIVAL GLORY and took the excursion cruise.

11. At all times material hereto, Defendant owed a duty to Plaintiff of using reasonable care under the circumstances.

12. On or about June 20, 2017, Plaintiff was a passenger aboard the M/S CARNIVAL GLORY and was solicited by Defendant CARNIVAL's agents and employees to take a CARNIVAL sponsored day trip excursion while at the port of Isla Roatan (Mahogany Bay) Honduras on June 20, 2017.

13. Shore excursions such as the "Jungle Adventure" are a substantial part of the cruise vacations aggressively promoted and sold by Defendant CARNIVAL to its passengers, thereby deriving substantial income from marketing and selling excursions of this type to passengers such as Plaintiff on its cruise ships.

14. The day trip excursion, also called a "Jungle Adventure," was planned, promoted, advertised, managed, operated and/or controlled by Defendant CARNIVAL and sold to Plaintiff as one of CARNIVAL's feature day trip excursions that required Plaintiff to

drive an ATV motorized vehicle in the hills of Honduras.

15. Plaintiff purchased a ticket from CARNIVAL to participate in the "Jungle Adventure" excursion in Roatan Bay, Honduras at CARNIVAL's tour desk aboard the M/S CARNIVAL GLORY where a CARNIVAL sales agent dressed in CARNIVAL style clothing and wearing a CARNIVAL pin explained the "Jungle Adventure" as being safe, fun, and secure. Upon inquiry by the Plaintiff about the ATV vehicles, the sales agent explained that the ATV vehicles were either in new or well-maintained condition. Further, the sales agent for CARNIVAL provided flyers and brochures to the Plaintiff advertising, promoting and marketing the "Jungle Adventure" that lead the Plaintiff to reasonably believe that the excursion was, in fact, operated and controlled by Defendant CARNIVAL.

16. Further, CARNIVAL's sales agent explained to Plaintiff that the "Jungle Adventure" was not offered independently of Defendant CARNIVAL.

17. Plaintiff paid CARNIVAL with a credit card and the receipt showed CARNIVAL as the merchant for the transaction.

18. On June 20, 2017, the M/S CARNIVAL GLORY docked at Roatan Bay, Honduras at which time the Plaintiff and other ship's passengers were driven by Defendant CARNIVAL's driver to the excursion site in Honduras where they were told that they would be picked up after the excursion and driven back to the boat by CARNIVAL.

19. At that time and place, while Plaintiff was driving the ATV motorized vehicle, the vehicle malfunctioned so that the vehicle traveled off its designated path over a cliff causing the Plaintiff to sustain injuries.

4

## COUNT I
## NEGLIGENCE

Plaintiff realleges and reavers the allegations of paragraphs 1 – 19, inclusive and alleges further;

20. At all times material hereto, the Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall v. Royal Caribbean Cruises, Limited,* 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S. Ct. 406, 3 L Ed. 2d 550 (1959); *The Moses Taylor,* 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.,* 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances." See, *Harnesk vs. CARNIVAL Cruise Lines, Inc.,* 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.,* 475 So. 2d 248 (Fla. 3d DCA 1985). *Vierling v. Celebrity Cruises,* 339 F.3d 1309, 1319-20 (11th Cir. 2003).

21. During the course of the "Jungle Adventure" tour, and while Plaintiff was driving the ATV in the mountains of Honduras, the vehicle developed a mechanical defect and malfunctioned so that it became uncontrollable resulting in Plaintiff traveling off a designated path and over a cliff.

22. After the incident, one of the tour guides told the Plaintiff that there had been prior incidents of mechanical defects with the ATVs that caused similar accidents to other CARNIVAL passengers on the "Jungle Adventure" tour that had been reported

to Defendant CARNIVAL.

23.     The mechanical defects and malfunction with the ATV that caused the Plaintiff's accident to occur was such that Defendant CARNIVAL knew or should have known existed with the ATV's on the "Jungle Adventure" through its incident logs and/or accident reports and/or written letters by passengers made to Defendant CARNIVAL as maintained at its corporate offices, thereby enabling Defendant CARNIVAL to identify the dangerous and unsafe conditions of the ATV's which were provided to its cruise passengers, including the Plaintiff.

24.     Further, the prior repetitive mechanical defects and malfunctions with the ATV's were known or should have been known to Defendant CARNIVAL through its incident logs and/or accident reports and/or written letters by passengers made to Defendant CARNIVAL as maintained in its corporate offices, thereby giving Defendant CARNIVAL actual or constructive notice of the "risk creating condition," and making Plaintiff's incident reasonably foreseeable and reasonably preventable.

25.     The Defendant CARNIVAL was negligent and breached its duty of care owed by a cruise operator to its passengers, and in particular to the Plaintiff, by failure to warn the Plaintiff that the "Jungle Adventure" was unsafe and dangerous.

26.     Further, the defects and malfunction of the ATV vehicle were neither apparent nor obvious to the Plaintiff.  See *Smolnokar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011).

27.     As a direct and proximate result of Defendant CARNIVAL's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement,

mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, and aggravation of a previously existing condition.  Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE,** Plaintiff LESCBERTONG GONZALEZ, demands judgment against Defendant CARNIVAL for compensatory damages, costs, and further demands trial by jury of all issues triable as of right by a jury.

Respectfully submitted,

| HOSS HERNANDEZ, P.A. | DAVID M. SHENKMAN, P.A. |
|---|---|
| 3250 NW 7th Street | 4551 Ponce de Leon Blvd. |
| Miamil, Florida 33125 | Coral Gables, Florida 33146 |
| Telephone:  (305) 859-2222 | Telephone:   (305) 859-7272 |
| Facsimile:    (305) 938-0771 | Facsimile:    (305) 858-6097 |
| By: */s/ Hoss Hernandez* | By: */s/ David M. Shenkman* |
|         Hoss Hernandez, Esq. |          David M. Shenkman, Esq. |
|         FBN: 852716 |          FBN: 352306 |